UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.   NO. 1:17-CV-00202-SA-DAS

EASEMENTS AND RIGHTS-OF-WAY
OVER A TOTAL OF 2.48 ACRES OF LAND,
MORE OR LESS, IN CLAY COUNTY,
MISSISSIPPI, and
JIMMY BELK, ET AL.,
Defendants.

ORDER AND MEMORANDUM OPINION

Tennessee Valley Authority ("TVA") initiated this eminent domain action on December 4, 2017, to acquire a permanent easement and right-of-way across 32 acres of land located in Clay County, Mississippi. The proposed easement and right-of-way itself spans 2.48 acres. TVA filed an Amended Complaint [32] on March 12, 2019. Only one defendant, Sallie Golden, answered the Amended Complaint. Golden filed her *pro se* Answer [32] on April 3, 2019, wherein she sets forth her general objections to the taking. TVA then filed a Motion for Summary Judgment on the Issue of Compensation [42]. The Motion [42] is ripe, and the Court is prepared to rule.

*Relevant Factual and Procedural Background*

Through this action, TVA seeks to acquire a permanent easement and right-of-way in 2.48 acres across a total of 32 acres in Clay County for the purpose of erecting and operating electric power transmission circuits and communication circuits. Specifically, TVA desires to acquire "permanent easements and rights-of-way' with respect to an undivided 99.43% interest" in the

1

subject 2.48 acres, having already "acquired by grant said easements and rights-of-way with respect to the other undivided 0.57% interest therein." [1].

On December 4, 2017, TVA filed its Complaint [1], Declaration of Taking [2], and Notice of Condemnation [3]. After reviewing two separate appraisal reports valuing the easement and right-of-way at $10,375 and $11,000, Ivan J. Antal, II, who serves as TVA's Manager of Real Property Transactions, determined that the fair market value of the easement and right-of-way is $12,150. [42-1]. Because TVA had previously been granted a .0031249 percent interest in the easement through a voluntary conveyance from the joint owners of that interest, for which it paid $69.06, TVA deposited with the Clerk of this Court $12,080.94, which amount constitutes the total estimated value of $12,150 less the payment of $69.06. The Clerk of Court noted on the docket the Court's receipt of the deposit.

Ownership of the parcel is uncertain because of several generations of intestate succession. *See* Declaration of Lorie M. Hunt [41-1]. Thus, while some persons were served by personal service, many were served by publication. *See* Notices [4, 7-16, 18-23, 25]. After service of process was completed, only one Defendant, Sallie Golden, answered the Complaint. In her *pro se* Answer [32], Golden indicates that TVA did not notify the appropriate heirs or seek permission for the easement, that she does not approve of TVA's selection for the placement of the circuits, and that she has not seen any results indicating that there are no safety or health concerns posed by the circuits. She also states that the land, buildings, and residences in the area are worth at least $500,000.

On January 15, 2020, TVA filed a Motion for Summary Judgment [42]. TVA notes that while there are two remaining issues to be resolved in this case—(1) the amount of compensation to be awarded and (2) the apportionment of the award, at this time it only seeks summary judgment

2

on the compensation issue. Golden filed a *pro se* Response [49] in opposition on March 16, 2020, and TVA thereafter filed a Reply [51].

*Applicable Standard*

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when a party demands a jury trial within the time to answer." *U.S. ex. Rel. Tennessee Valley Authority v. An Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty., Miss.*, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (quoting Fed. R. Civ. P. 71.1(h)). As with other types of cases, "[s]ummary judgment is appropriate in a condemnation case where there is no disputed issue of material fact." Id. (quoting *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cnty.*, 473 F. App'x 778, 779 (9th Cir. 2012) (additional citations omitted).

In the summary judgment context, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying the portions of the record it believes demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the burden shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty.*, 2019 WL 267881, at *2 (quoting *Celotex*, 477 U.S. at 324).

*Analysis and Discussion Regarding Just Compensation*

The Fifth Amendment of the United States Constitution protects private property against takings for public use "without just compensation." U.S. Const. amend. V. "The term 'just compensation' typically means fair market value of the property on the date of the taking." *U.S. v.*

*An Easement and Right-of-Way Over .14 Acre of Land, in Oktibbeha Cnty., Miss.*, 2019 WL 1031079, at *2 (N.D. Mis. Mar. 4, 2019) (citing *U.S. v. 564.54 Acres of Land*, 441 U.S. 506, 511-12, 514, 99 S. Ct. 1854, 60 L.Ed.2d 435 (1979)). "In cases where the United States takes an easement, just compensation is calculated by the difference between the market value of that tract before and after the taking." *Id.* (quoting *U.S. v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982)).

As an initial matter, the Court notes that it must decide the issue of compensation because no party has demanded a jury trial. *See* Fed. R. Civ. P. 71.1(h)(1) (noting that, in a condemnation action, the Court tries all issues, including compensation, unless a party demands a trial by jury). As evidence to support its valuation of the easement, TVA submitted the Declaration [42-1] of Ivan J. Antal, II, a Mississippi general appraiser who serves as Manager of Real Property Transactions in TVA's Realty Services Organization. In his Declaration [42-1], Antal states that he reviewed two appraisal reports performed by independent appraisers. The independent appraisal valued the easements at $10,375 and $11,000. *Id.* Based on these reports, Antal determined that the just and liberal compensation for the easement rights should be $12,150. As in previous cases of this nature, the Court finds that this evidence provided by TVA is sufficient to meet its initial summary judgment burden. *See, e.g.*, *An Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty., Miss.*, 2019 WL 267881 at *3.

As noted above, Golden is the only defendant to set forth any opposition to the taking. In her Response [49], she opposes summary judgment because the property has not been abandoned, the equipment implemented by TVA does not promote the general welfare or safety of the community, and because the compensation amount proposed by TVA is not fair and just.

4

Golden's first two arguments—that the property has not been abandoned and that the equipment does not promote the general welfare of the community—can easily be disposed of. The United States Supreme Court has held that the TVA Act "show[s] a clear Congressional purpose to grant [TVA] all the power needed to acquire lands by purchase or by condemnation which it deems necessary for carrying out the Act's purposes." *U.S. ex rel. Tenn. Valley Authority v. Welch*, 327 U.S. 546, 554, 66 S. Ct. 715, 90 L. Ed. 2d 843 (1946). Furthermore, "[w]here public need requires acquisition of property, that need is not to be denied because of an individual's unwillingness to sell. When the need arises individuals may be required to relinquish ownership of property so long as they are given that just compensation which the Constitution requires. *Id*. (citation omitted). This Court has previously noted that "TVA is not required to submit findings by resolution of its Board concerning the taking. Its allegation concerning the authority for the taking is sufficient under Rule 71.1(c)(2)(A)." *U.S. v. An Easement and Right-of-Way Over 3.28 Acreas of Land in Lee Cnty., Miss.*, 2017 WL 916415 at *3 (N.D. Miss. Mar. 7, 2017). Pursuant to the TVA Act and the case law interpreting it, TVA has authority to acquire the subject property. Golden has cited no contrary authority. Her arguments are rejected.

Golden also makes a reference to the amount of the proposed compensation being unjust. To support her argument, Golden includes in her Response [49] a table, in which she lists certain things located on the 32 acres and their purported value. For example, she alleges that St. Paul Beasley CME Church located on the property is valued between $383,040 and $456,00, according to Zillow. She also lists homes, trailers, and timber located on the property and their alleged values. She attached no documentation relating to these values to her Response [49].

Golden's arguments on this issue miss the mark. The United States Supreme Court has made clear that "just compensation must be measured by an objective standard that disregards

5

subjective values which are only of significance to an individual owner." *U.S. v. 50 Acres of Land*, 469 U.S. 24, 35, 105 S. Ct. 451, 83 L.Ed.2d 376 (1984). TVA, through Antal's Declaration [42-1], has provided sufficient, objective evidence to support its valuation of the easement. Golden's proposed valuations of certain items on the property is outside the scope of the relevant analysis. Therefore, the Court finds that she has failed to provide sufficient evidence to dispute TVA's valuation of the easement. Her argument as to the valuation is therefore rejected.

### *Procedure for Disbursement*

Because ownership of the three parcels is still unknown, the issue of apportionment of the remaining $12,080.94 compensation is still to be decided. "After a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation." Fed. R. Civ. P. 71.1(j)(2).

This Court recently addressed a similar situation in another TVA eminent domain case. *See U.S. Upon Relation of Tenn. Valley Auth. v. An Easement and Right-of-Way Over .24 Acre of Land in Tallahatchie County, Miss.*, 2019 WL 3849163 (N.D. Miss. Aug. 15, 2019). After considering various methods to handle apportionment in this context, this Court adopted a procedure adopted by the Middle District of Georgia in *Sabal Trail Trans., LLC v. Real Estate*, 2017 WL 3599163, at *1 (M.D. Ga. Aug. 21, 2017). Under that procedure, the funds remain on deposit until further Order of the Court. *Id*. at *2. The named Defendants, or any other named or unnamed person who claims interest in the compensation, can then seek disbursement of the compensation by filing an application with the Court accompanied by the following: the necessary tax-identification information and adequate documentation confirming entitlement to the claimed shared of the compensation. *Id*.

The Court also notes that this procedure is supported by the Declaration of Taking Act, which in pertinent part provides that "[o]n application of the parties in interest, the court may order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the proceeding." 40 U.S.C. §3114(c). The Act also directs the Court to enter judgment against the Government for a deficiency "[i]f the compensation finally awarded is more than the amount of money received by any person entitled to compensation[.]" *Id*. The Court sees no reason why this procedure should not be applied in this case.

*Conclusion*

For the reasons set forth above, TVA's Motion for Summary Judgment as to Just Compensation [42] is GRANTED. TVA's valuation of $12,150.00 for the easement and right-of-way to the subject 2.48 acres, or $12,080.94 for the 99.9137% interest therein, is accepted by the Court.

In order to resolve the apportionment issue, the Court adopts the procedure set forth above. The named Defendants, or any other named or unnamed person who claims interest in the compensation, will be provided an opportunity to seek disbursement by filing a written request with this Court with the necessary information and documentation demonstrating that they are entitled to their claimed share of the compensation. In order to accomplish that procedure, the Plaintiff is hereby ordered to provide to the Court with a list of the last known addresses for all Defendants within seven (7) days. A separate Order specifically concerning the Procedure for Disbursement will be entered after receipt of the addresses.

SO ORDERED, this the 14th day of September, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE