UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,             PLAINTIFF

      v.             CIVIL ACTION NO. 1:17-cv-00202-SA-DAS

EASEMENTS AND RIGHTS-OF-WAY
OVER A TOTAL OF 2.48 ACRES OF LAND,
MORE OR LESS, IN CLAY COUNTY, MISSISSIPPI
WITH RESPECT TO AN UNDIVIDED
99.9137% INTEREST THEREIN, and
JIMMY BELK, ET AL.,             DEFENDANTS

ORDER AND FINAL JUDGMENT

Tennessee Valley Authority ("TVA") initiated this federal condemnation action on December 4, 2017 to acquire permanent easements and rights-of-way across 32 acres of land located in Clay County, Mississippi ("the Subject Property"). The easements and rights-of-way span 2.48 acres. The following table lists the Clay County tax map and parcel number, size (acreage), and right-of-way size (acreage) for the three parcels of land at issue in this case.

| Tax Map/Parcel No. | Parcel Size | Right-of-Way Size | TVA Identifier |
|---|---|---|---|
| 043-19-00130000 | 20.00 acres | 1.19 acres | WPSTM-47 |
| 043-19-0070000 | 7.70 acres | 1.03 acres | WPSTM-50 |
| 043-19-0070100 | 4.30 acres | 0.25 acre | WPSTM-54 |
|  |  | 0.01 acre | WPSTM-55A |
| TOTAL | 32.00 acres | 2.48 acres |  |

In the Complaint, TVA identified individuals who it believed have or may claim an ownership interest in the Subject Property. TVA also filed a Declaration of Taking and legal descriptions [2-2] for Tax Map/Parcel Numbers 043-19-00130000 (the "20-acre tract"), 043-19-

0070000 (the "7.7-acre tract"), and 043-19-0070100 (the "4.3-acre tract") of the Subject Property over which easement rights were acquired and a Notice of Condemnation [3]. TVA filed an Amended Complaint [30] on March 12, 2019, naming additional individuals who have or may claim an ownership interest based on its continued research and discussions with family members who had come forward concerning ownership interest in the Subject Property.

On January 7, 2020, TVA filed a Declaration of Lorie M. Hunt [41-1] setting forth the title opinion information obtained by TVA during its diligent search and inquiry into the ownership interests of the Subject Property. TVA attached 172 pages of evidentiary support [41-2 through 41-20] for the statements contained in the declaration in the form of deeds and other recorded instruments in the office of the Chancery Clerk of Clay County, MS, census data, the Social Security Death Index, ancestry search data, information obtained through discussions with members of the Belk family, and charts TVA created setting forth its findings. On January 14, 2020, TVA filed a Motion for Summary Judgment on the issue of compensation [42, 43], seeking an order awarding total compensation of $12,080.94[1] for the property rights taken in this federal condemnation action and explaining that the issue of ownership and apportionment remained disputed.

On September 14, 2020, this Court entered and Order and Memorandum [52] granting TVA's Motion for Summary Judgment as to Just Compensation finding that $12,080.94 was just compensation for the property rights acquired in this case over the 2.48 acres of land at issue. The Court separately entered an Order [55] concerning the procedure for disbursement of the

---

[1] Although the total just compensation is $12,150, the amount at issue is $12,080.94 because in this action TVA acquired easements and rights-of-way with respect to an undivided 99.43% interest in the 2.48 acres as it had already "acquired by grant said easements and rights-of-way with respect to the other undivided 0.57% interest therein" through settlements with three identified landowners made prior to instituting this action. *See* [52].

compensation awarded. In the Disbursement Order [55], the Court directed any person claiming an interest in the Subject Property and desiring to seek compensation to file a claim with the Clerk of Court on or before December 21, 2020. As of February 8, 2021, only two claims for compensation had been received by the Court. The issue of apportionment of the compensation awarded based on ownership interests of those identified by TVA remains at issue.

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when a party demands a jury trial within the time to answer." *U.S. ex. Rel. Tennessee Valley Authority v. An Easement and Right-of-Way over 0.03 Acre of Land in Oktibbeha Cnty., Miss.*, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (quoting Fed. R. Civ. P. 71(h)). This Court must decide the ownership and resulting apportionment issues as no party has demanded a jury trial. *See id.* On February 9, 2021, the Court entered an Order Regarding Hearing [61] explaining that it would hold a hearing on the issue of ownership and apportionment of the compensation previously awarded by the Court. In the Order [61], the Court instructed any potential claimant who desires to dispute the information provided by TVA regarding ownership interests in the Subject Property to appear at a hearing on March 2, 2021 at 10:00 a.m. and provide proof in support of their dispute concerning the title opinion information proffered by TVA. The Court explained that it intended to adopt the ownership information provided by TVA absent proof to the contrary [61]. During the March 2 hearing, Sallie Golden and Vanda Belk Pettiford provided testimony concerning ownership interests in the Subject Property [71]. Ms. Golden and Ms. Pettiford testified, among other things, that the Subject Property had been deeded to Sam Belk such that only the heirs of Sam Belk (and not the other heirs of Mack Belk, who were Sam Belk's siblings) were the rightful owners of the Subject Property that should be included in the apportionment of the compensation awarded. On March 2, 2021, this Court entered an Order [72]

instructing Defendants to produce a copy of a valid recorded deed, if any, wherein Mack Belk conveyed the Subject Property to Sam Belk such that only Sam Belk's heirs should be included in the distribution of the compensation awarded for the easement rights acquired by TVA in this case.

On March 5, 2021, TVA filed a Notice [73] of its receipt of a Warranty Deed [73-1] dated June 9, 1928, of record in Deed Book 68, page 332, in the office of the Chancery Court Clerk of Clay County, Mississippi, received from Ms. Pettiford ("the Sam Belk deed"). The 1928 deed conveyed a ½ interest in the 20-acre tract to Sam Belk,[2] but it did not fully convey to Sam Belk the entire 20-acre tract at issue in this case or the other two tracts at issue in this case. On March 10, 2021, TVA filed a Notice [74] of its receipt of deeds dated June 9, 1928 ("the Leathie Thompson deed") [74-1] and May 6, 1950 ("the 1950 deed") [74-2], which were also recorded in the office of the Chancery Court Clerk of Clay County, Mississippi.

TVA, after considering the evidence submitted by Defendants during and after the March 2, 2021 hearing, filed two declarations that updated its opinion of title to the Subject Property at issue in this condemnation action. The first declaration [75-1] provides an updated title opinion for the 20-acre tract based on information contained in the Sam Belk deed [73-1], accounts for Sam Belk's 1/2 interest in the 20-acre tract, and updates the ownership interests of Sam Belk's heirs based on the Sam Belk deed. [75-1 at ¶¶ 3-7]. The second declaration concerns ownership of the 7.70-acre tract and 4.30-acre tract and concludes that the evidence proffered by Defendants had been previously considered and/or did not change TVA's opinion regarding ownership of the 7.70-acre tract and 4.30-acre tract of land. [76-1 at ¶¶ 3-6.] Attached to each declaration [75-1, 76-1] is evidentiary support for the statements made therein. No Defendant has provided other competent evidence to dispute the information contained in these declarations.

---

[2] Only half of the heirs of Mack Belk signed the deed; therefore, only half of the interest was conveyed to Sam Belk.

4

Based on the testimony provided during the March 2 hearing, the deeds and related information produced by the Defendants who attended the hearing or have otherwise made an appearance or claim in this case, the declarations and supporting attachments submitted by TVA concerning its title opinion of the Subject Property, and applicable authority, the Court finds that the ownership interest of the 20-acre tract are as outlined in Attachment 1 to this Order (this Attachment can also be found on the docket at [75-2]). The Court finds the ownership interest of the 7.70-acre tract and 4.30-acre tract are as outlined in Attachment 2 to this Order (this Attachment can also be found on the docket at [76-2]). The Court further finds that the apportionment/monetary value that should be assigned and disbursed to each Defendant based on these ownership interests are as outlined in Attachment 3 to this Order.

The Court hereby ORDERS and ADJUDGES that:

1. The total amount of compensation available for disbursement is $12,080.94.[3]

2. The Clerk of Court is authorized and directed to draw a check on the funds deposited in the registry of this Court in this action in the amounts specified for each individual Defendant listed in Attachment 3 to this Order payable to each such individual. The Clerk of Court is directed to mail said checks to each Defendant to the address on file for each such Defendant.

3. Eric Belk, Carl Belk, and Dorothy Cummings settled their ownership interest with TVA prior to TVA's filing of this federal condemnation action and are not entitled to any additional disbursement. The additional amount attributed to them in Attachment 3 (a total amount of $54.84) shall be returned to TVA.[4]

---

[3] The Court previously ordered TVA to deposit an additional $1,380.68 to account for the amount that had previously been disbursed to Defendant Finas Townsend, III. [72].
[4] The Court notes, however, that, despite the fact that Finas Townsend, III, previously received payment, he is entitled to receive payment in the amount set forth in Attachment 3 to this Order.

4.      To the extent that persons listed in Attachment 3 are unknown, the Clerk of Court shall return those funds to TVA to be held in an interest-bearing account. Any person who claims to be one of the unknown heirs shall file a petition on the docket in this case, and the Court will make a determination as to the validity of such claims.

5.      The Clerk of Court shall also return to TVA all interest accrued while the funds have been on deposit.[5]

6.      The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed in this action on December 4, 2017 (Doc. 2-1), is hereby fully and finally confirmed with respect to the easements and rights-of-way described below, said description being the same as in Attachment 1 to the Declaration of Taking filed herein (Doc. 2-2):

> Permanent easements and rights-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, including guy wires, in, on, over, and across said rights-of-way, together with the perpetual right to clear said rights-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the rights-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said rights-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the following-described land:
>
> TRACT NO. WPSTM-47
>
> A strip of land located in Section 19, Township 16 South, Range 4 East, of Clay County, State of Mississippi, as shown on a map entitled "West Point - Starkville Transmission Line Tap to Montpelier," drawing LW-5468, sheet P4G, R.0, a

---

[5] *See* 40 U.S.C. § 3114(c)(1).

reduced scale copy of which is attached to the Declaration of Taking filed herein, the said strip being 100 feet wide, lying 50 feet on each side of the centerline of the transmission line location, the centerline of the location and the end boundaries of the strip being more particularly described as follows:

Commencing at an Iron Pin, said iron pin being the apparent northwest corner of Section 19, Township 16 South, Range 4 East; thence leaving said section corner and continuing with the western line of the Section 19, S. 00° 28' 00" W., 2,640 feet to a point, being the west quarter corner of said Section 19; thence leaving said corner and continuing with the southern line of the northwest quarter of said Section 19, being the common boundary line of WD Resources, LLLP (Deed Book 282, page 320), and Dorothy Cummings, et al. (Deed Book 68, page 332), S. 89° 32' 00" E., 1,521.36 feet to a point on the centerline of the location at survey station 756+21.50; thence leaving said point and with the centerline of the location N. 05° 11' 33" W., 663.23 feet to a point at survey station 762+84.73, said point being in the north line of the south half of the southeast quarter of the northwest quarter of Section 19, Township 16 South, Range 4 East, being the common boundary line of Dorothy Cummings, et al. (Deed Book 68, page 332), and Dorothy Cummings, et al. (Deed Book 71, page 394), the said point being the true Point of Beginning.

The said strip being bounded on the southern end by the said boundary line; thence leaving the true Point of Beginning and with the centerline of the location N. 05° 11' 33" W., 382.48 feet to a point of intersection on the centerline of the location at survey station 766+67.21; thence continuing with and along said centerline of said location N. 45° 19' 21" W., 137.06 feet to a point at survey station 768+04.27, said point being on the boundary line of said Dorothy Cummings, et al. (Deed Book 71, page 394), and Annette Smith Miller, et al. (Deed Book 247, page 240), the said strip being bounded on the northwestern end by the said boundary line.

The above-described strip of land includes the centerline of transmission line location for a net distance of 519.54 feet and contains 1.19 acres, more or less.

Furthermore, said permanent easement rights include the perpetual right to install, maintain, and replace guy wires and necessary appurtenances outside the right-of-way for the transmission line structures located at survey station 766+67.21.

TRACT NO. WPSTM-50

A strip of land located in Section 19, Township 16 South, Range 4 East, of Clay County, State of Mississippi, as shown on a map entitled "West Point - Starkville Transmission Line Tap to Montpelier," drawing LW-5468, sheet P4G, R.0, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said strip being 100 feet wide, lying 50 feet on each side of the centerline of the transmission line location, the centerline of the location and the end boundaries of the strip being more particularly described as follows:

7

Commencing at an Iron Pin, said iron pin being the apparent northwest corner of Section 19, Township 16 South, Range 4 East; thence leaving said section corner and continuing with the western line of the Section 19, S. 00° 28' 00" W., 1,320 feet to a point, being the southwest corner of the north half of the northwest quarter of said Section 19; thence leaving said corner and continuing with the southern line of the north half of the northwest quarter of said Section 19, being the northern boundary line of Danny Smith (Deed Book 247, page 240) and then the northern boundary line of Annette Smith Miller (Deed Book 247, page 240), being common to the southern boundary line of Dorothy Cummings, et al. (Deed Book 71, page 394), S. 89° 32' 00" E., 1,131.06 feet to a point on the centerline of the location at survey station 770+67.87, the said point being the true Point of Beginning.

The said strip being bounded on the southeastern end by the said boundary line; thence leaving the true Point of Beginning and with the centerline of the location N. 45° 19' 21" W., 448.46 feet to a point at survey station 775+16.33, said point being in the southern right-of-way of MS HWY 389, the said strip being bounded on the northwestern end by the said boundary line.

The above-described strip of land includes the centerline of transmission line location for a net distance of 448.46 feet and contains 1.03 acres, more or less. Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owners of the above-described land may have in Tract WPSTM-53, State of Mississippi (State Highway 389), the adjoining road right-of-way as shown on the map referenced above.

TRACT NO. WPSTM-54

A strip of land located in Section 19, Township 16 South, Range 4 East, of Clay County, State of Mississippi, as shown on a map entitled "West Point - Starkville Transmission Line Tap to Montpelier," drawing LW-5468, sheet P4G, R.0, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said strip being 100 feet wide, lying 50 feet on each side of the centerline of the transmission line location, the centerline of the location and the end boundaries of the strip being more particularly described as follows:

Commencing at an Iron Pin, said iron pin being the apparent northwest corner of Section 19, Township 16 South, Range 4 East; thence leaving said section corner and continuing with the western line of the Section 19, S. 00° 28' 00" W., 1,320 feet to a point, being the southwest corner of the north half of the northwest quarter of said Section 19; thence leaving said corner and continuing with the southern line of the north half of the northwest quarter of said Section 19, being the northern boundary line of Danny Smith (Deed Book 247, page 240) and then the northern boundary line of Annette Smith Miller (Deed Book 247, page 240), being common to the southern boundary line of Dorothy Cummings, et al. (Deed Book 71, page 394), S. 89° 32' 00" E., 1,131.06 feet to a point on the centerline of the location at survey station 770+67.87, thence leaving said boundary line and continuing with

centerline of said location N. 45° 19' 21" W., 549.80 feet to a point at survey station 776+17.67, said point being on the northern right-of-way of MS HWY 389, the said point being the true Point of Beginning.

The said strip being bounded on the southeastern end by the said boundary line; thence leaving the Point of Beginning and with the centerline of the location N. 5° 19' 21" W., 107.39 feet to a point at survey station 777+25.06, said point being the eastern line of the western half of the northwest quarter of the northwest quarter of said Section 19, being the western boundary line of said Dorothy Cummings, et al., and the eastern line for Joseph H. Michel, III, et ux. (Deed Book 185, page 615), the said strip being bounded on the western end by the said boundary line.

The above-described strip of land includes the centerline of transmission line location for a net distance of 107.39 feet and contains 0.25 acre, more or less.

Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owners of the above-described land may have in Tract WPSTM-53, State of Mississippi (State Highway 389), the adjoining road right-of-way as shown on the map referenced above.

TRACT NO. WPSTM-55A

A parcel of land located in Section 19, Township 16 South, Range 4 East, of Clay County, State of Mississippi, as shown on a map entitled "West Point - Starkville Transmission Line Tap to Montpelier," drawing LW-5468, sheet P4G, R.0, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:

Commencing at an Iron Pin, said iron pin being the apparent northwest corner of Section 19, Township 16 South, Range 4 East; thence leaving said section corner and continuing with the western line of the Section 19, S. 00° 28' 00" W., 1,320 feet to a point, being the southwest corner of the north half of the northwest quarter of said Section 19; thence leaving said corner and continuing with the southern line of the north half of the northwest quarter of said Section 19, being the northern boundary line of Danny Smith (Deed Book 247, page 240) and then the northern boundary line of Annette Smith Miller (Deed Book 247, page 240), being common to the southern boundary line of Dorothy Cummings, et al. (Deed Book 71, page 394), S. 89° 32' 00" E., 1,131.06 feet to a point on the centerline of the location at survey station 770+67.87; thence leaving said boundary line and continuing with centerline of said location N. 45° 19' 21" W., 783.19 feet to a point of intersection on the centerline of the location at survey station at 778+51.06; thence continuing with and along said centerline of said location, N. 04° 08' 58" E., 744.45 feet to a point at survey station 785+95.51, being in the apparent southern right-of-way of McNully Road; thence continuing easterly with and along said road right-of-way, S. 89° 02' 11" E., 42.50 feet to a point, being in the western boundary line of said Dorothy Cummings, et al., said point being the true Point of Beginning.

9

Thence leaving the true Point of Beginning, and continuing easterly with and along said road right-of-way, S. 89° 02' 11" E., 7.58 feet to a point, being in the eastern right-of-way line of the said location; thence leaving said road right-of-way and continuing with and along said eastern right-of-way line of the said location, S. 04° 08' 58" W., 118.03 feet to a point, being in the western boundary line of said Dorothy Cummings, et al.; thence leaving said eastern right-of-way line of the said location and continuing northerly with and along said boundary line, N. 00° 28' 00" E., 117.85 feet to a point, said point being the true Point of Beginning and containing 0.01 acre, more or less.

Furthermore, the above-described easement rights are acquired with respect to such appurtenant right, title, and interest as the owners of the above-described land may have in Tract WPSTM-55B, Clay County, Mississippi (McNully Road), the adjoining road right-of-way as shown on the map referenced above.

7. Upon request, the Clerk of Court shall furnish to Plaintiff a certified copy of this Order and Final Judgment, which shall serve as muniment of title.

8. This CASE is CLOSED.

SO ORDERED, on this the 30th day of March, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE